<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| v. | : | Case No. 2:19-cr-693-BRM-1 |
| | : | |
| MATTHEW S. ELLIS, *et al.*, | : | |
| | : | |
| Defendants. | : | **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion filed by Defendant Matthew S. Ellis ("Ellis") seeking to compel the United States ("Government") to identify and disclose any discovery material favorable to his defense. (ECF No. 69.) The Government opposed the motion. (ECF No. 77.) Having reviewed the papers filed in connection with the motion and having heard oral argument on June 23, 2020, pursuant to Federal Rule of Criminal Procedure 12(d), for the reasons set forth below and for good cause appearing, Ellis's Motion is **DENIED**.

**I.     BACKGROUND**

This matter stems from an underlying criminal action predicated on a two-count, six-defendant indictment pertaining to a conspiracy to commit health care fraud, which took place from in or around 2017 through on or around January 19, 2019.[1] (ECF No. 1 ¶ 1.) Only the facts relevant to the discovery dispute will be summarized.

---

[1] To date, two codefendants have pled guilty to the underlying criminal action. Kyle D. McLean pled guilty on June 5, 2020 (Case No. 2:19-cr-00693-BRM-3, ECF No. 91), and Kacey C. Plaisance pled guilty on May 6, 2020 (Case No. 2:19-cr-00693-BRM-4, ECF No. 84). The remaining three codefendants, Edward D. Kostishion (Case No. 2:19-cr-00693-BRM-2, ECF No. 42), Jeremy M. Richey (Case No. 2:19-cr-00693-BRM-5, ECF No. 47), and Jeffrey Tamulski (Case No. 2:19-cr-00693-BRM-6, ECF No. 52) have entered pleas of not guilty.

Pursuant to the Scheduling Order of October 30, 2019 (ECF No. 50), the Government produced its first set of discovery with the requisite disclosure letter on November 25, 2019. (ECF No. 69 ¶ 4.) Ellis asserts the first set of discovery contained over 4,500 bate-stamped pages. (*Id.*) The Government produced its second set of discovery on December 5, 2019, containing 1,300 computer subfiles. (*Id.* ¶ 5.) Included with the second discovery drop was an index system with a two-page chart identifying the third-party producer and corresponding Bates numbers. (*Id.*)

Ellis argues while the Government produced 567,842 bate-stamped pages, the total number of pages containing information is closer to 1,220,333 pages.[2] (*Id.* ¶¶ 10-11.) Consequently, Ellis seeks to mitigate the burden[3] of reviewing the discovery material by compelling the Government to identify and disclose the documents helpful to his defense. Ellis filed a motion on February 20, 2020 seeking this relief. (ECF No. 69.) The Court held a telephone conference with the parties on February 21, 2020, to discuss the filing. (ECF No. 70.) The parties argued their respective positions before the Court and were instructed to submit written responses. (*Id.*) The Government filed its response to Ellis's Motion on March 4, 2020. (ECF No. 77.) Ellis replied on March 11, 2020. (ECF No. 78.) Pursuant to Standing Order 2020-06, the parties appeared before the Court by telephone on June 23, 2020, for a follow-up status conference and oral argument. *See* Standing Order 2020-06 In re Video Conferencing and Telephone Conferencing for Criminal Proceedings Under the CARES Act (D.N.J. Mar. 30, 2020).

---

[2] Ellis arrives at this total by multiplying the size of the text files (1.8 gigabytes) by the approximate number of pages per gigabyte (677,693). (ECF No. 69 ¶ 10.)

[3] Ellis calculates it would take him just under seven years to read each page of the already-produced discovery. He arrives at this figure by multiplying a reading speed of one page per minute by 1.2 million pages for a total of 20,000 hours of reading time. He divides the 20,000 hours by eight, assuming he reads with no breaks, yielding a total of 2,500 days of reading. Without accounting for weekends or holidays, Ellis states the document review will take just under seven years to complete. (ECF No. 69 ¶ 12.)

## II. LEGAL STANDARD

It is well-established that the trial court has discretion over the scope and conduct of discovery. *Marroquin-Manriquez v. Immigration and Naturalization Svc.*, 669 F.2d 129, 134 (3d Cir. 1983) (citing *Borden Co. v. Sylk*, 410 F.2d 843, 845 (3d Cir. 1969)). Federal Rule of Criminal Procedure 16 governs discovery in criminal cases, and, unlike its civil analog,[4] lacks an indication that the documents must be organized or indexed in a particular fashion. If the government produced the discovery in a reasonable fashion and provided the defendant sufficient access to the materials, then the defendant bears the onus of reviewing the discovery for exculpatory information, even when a significant volume of discovery has been produced. *See United States v. Pelullo*, 339 F.3d 197, 212 (3d Cir. 2005) (finding the defendant bears the burden of exercising reasonable diligence in reviewing discovery when the government made documents available); *United States v. Eisenberg*, 773 F. Supp. 662, 687-88 (D.N.J. 1991) (rejecting defendant's argument that the onus is on the government to review the substantial number of discovery documents for exculpatory evidence).

## III. DECISION

### A. *Brady*[5] Material

Ellis asks the Government to identify the *Brady* material within the already produced materials. (ECF No. 69 ¶ 15.) To bolster this request, Ellis states such identification will lead to the effective and efficient preparation of his case. (*Id.* ¶ 16.) The Government has refused this

---

[4] Federal Rule of Civil Procedure 34(b)(2)(E)(i) provides documents or electronically stored data must be produced either in the manner in which they are kept during the ordinary course of business or organized and labeled to correspond to the categories in the request. Fed. R. Civ. P. 34(b)(2)(E)(i).

[5] *Brady v. Maryland*, 373 U.S. 83 (1963).

request because it claims to have already satisfied its burden under *Brady* and states it has no further obligation with respect to identification of documents. (ECF No. 77 at 5.)

*Brady* and its progeny dictate a prosecutor's failure to provide defense counsel with evidence material to the defendant's guilt or punishment is a violation of the defendant's due process rights. Brady, 373 U.S. at 87; *see also United States. v. Agurs*, 427 U.S. 97 (1976). While the Government is required to disclose the material evidence in its possession, courts have drawn a distinction between disclosure and an affirmative obligation to find potentially exculpatory evidence. *United States v. Cocchiola*, 358 F. App'x 376, 381 (3d Cir. 2009) ("[T]he requirement that the Government disclose material evidence in its possession is fundamentally different from placing an affirmative obligation on prosecutors to ferret out any potentially exculpatory evidence.") (citing *United States v. Graham*, 484 F.3d 413, 416-18 (6th Cir. 2007) and *United States v. Merlino*, 349 F.3d 144, 154 (3d Cir. 2003)). The Third Circuit has stated the government does not have the additional duty "to ferret out any potentially defense-favorable information from materials that are so disclosed" under *Brady*. *United States v. Pelullo*, 399 F.3d 197, 212 (3d Cir. 2005).

Here, Ellis cites to the Third Circuit's policy of encouraging early production to support his request. However, Ellis conflates the disclosure obligation with an illusory affirmative obligation to find exculpatory material. The Third Circuit has emphasized a timely disclosure obligation with respect to *Brady* material and has not placed a further duty on prosecutors to label that material for the defense. *See United States v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984) (citations omitted). The Government complied with this obligation by sending its production first on November 25, 2019, then again on December 5, 2019. (ECF No. 69 ¶¶ 4-5.) Further, the Government has provided some searchable documents as well as indices and charts to help Ellis

navigate the documents. (ECF No. 77 at 4.) More specifically, the Government: (1) "organized the productions in individual, separate folders and with an index that identified the specific source of the particular records;" (2) identified records using the Bates-stamp system; (3) "provided the defense with records in the same format in which the Government received them from third parties;" and (4) "provided, whenever possible, electronic records in a searchable format, such as PDFs, or in files that are loadable into a discovery platform." (*Id.*) The Court finds the Government has satisfied its disclosure obligation under *Brady* and has gone further than the requirements of Federal Rule of Criminal Procedure 16 to produce the materials in an organized and searchable fashion. Because the Government has met its obligation and lacks the further duty to assist Ellis in finding and designating material favorable to his defense, the Court denies Ellis's request.

### B. *Giglio*[6] Material

As an extension of *Brady*, prosecutors are duty bound to "disclose evidence that goes to the credibility of crucial prosecution witnesses." *Giglio*, 405 U.S. at 154. This obligation only extends to witnesses who will testify at trial. *See Buehl v. Vaughn*, 166 F.3d 163, 181 (3d Cir. 1999). Because such evidence is used on cross-examination to challenge the credibility of government witnesses, it can be produced on the day the government witness is testifying without undermining the defendant's right to a fair trial. *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983); *see also United States v. Miller*, Case No. 15-202, 2016 U.S. Dist. LEXIS 48260, at *11-12 (D.N.J. Apr. 11, 2016) (stating the court cannot require the pretrial production of *Giglio* material).

Ellis again requests identification of this material in order to assist in preparation of his defense. As the Government points out, however, discovery is still ongoing in this case and a trial

---

[6] *Giglio v. United States*, 405 U.S. 150 (1972).

2

date has not yet been selected. (ECF No. 77 at 9.) Considering the continuing discovery, the Government proposes a plan that recognizes *Giglio*'s goal of avoiding delay in trial and provides for the exchange of impeachment material relating to trial witnesses at least one week before jury selection. (*Id.*) Because Ellis's request is premature and because the Government has proposed a plan that affords Ellis sufficient time to prepare for cross-examination, the Court denies Ellis's request.

### C. Obligation to Identify Trial Exhibits

Finally, Ellis seeks to compel the Government to disclose its exhibit list before trial, stating, "The government has to know what documentary evidence it, at this point, plans to introduce at trial." (ECF No. 78 at 1.) While the Government disputes Ellis's request, stating it is not obligated to either produce an outline of the evidence it will be using at trial or identify evidence it intends to use at trial, the Government concedes the Court has the discretion to compel the production of an exhibit list. (ECF No. 77 at 10.) Therefore, the parties' dispute centers on whether Ellis's request is premature at this stage in the litigation given the fact that discovery is ongoing and the parties are yet to appear for the final pretrial conference.

Courts are within their discretion to order disclosure "to ensure the effective administration of the criminal justice system." *Higgs*, 713 F.2d at 44 n.6. Given the high volume of documents involved in this case, the Court may consider whether Ellis would be prejudiced if the Court declines to order the Government to specifically identify the exhibits it intends to introduce at trial. *See id.* (citing *United States v. Prince*, 618 F.3d 551, 561-62 (6th Cir. 2010) (rejecting the defendant's claim that the district court abused its discretion by not requiring the government to specifically identify the exhibits it intended to introduce at trial from among the estimated 70,000 pages of discovery materials that were provided to the defendant)). Although Ellis does have a

significant amount of discovery material to review, the Government has satisfied its disclosure obligations and produced discovery in an organized, searchable manner detailed *supra*. (ECF No. 77 at 4.) Further, the Government has shown a willingness to work with Ellis as a trial date nears. (*Id.* at 9.) Therefore, given the fact that discovery is ongoing, and a trial date has yet to be set, the Court finds it is premature to compel the Government to identify the exhibits it intends to introduce at trial.

### IV. CONCLUSION

For the reasons set forth above, Ellis's motion to compel the Government to identify and disclose any discovery material favorable to his defense is **DENIED**. An appropriate order will follow.

**Date: July 13, 2020**  /s/ *Brian R. Martinotti*
       **HON. BRIAN R. MARTINOTTI**
       **UNITED STATES DISTRICT JUDGE**