# ATTACHMENT A

```
 1                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEW JERSEY
 2     ═══════════════════════════════════════

 3     UNITED STATES OF AMERICA,         CRIMINAL ACTION NUMBER:

 4                                       2:20-cr-00903-WJM
       vs.
 5
       JOSE SOTO,                        JURY TRIAL VOLUME 2
 6              Defendant.
       ─────────────────────────────     Pages 217-467
 7

 8     MARTIN LUTHER KING BUILDING & U.S. COURTHOUSE
       50 Walnut Street, Newark, New Jersey  07101
 9     October 11, 2022
       Commencing at 8:35 a.m.
10
       B E F O R E:     THE HONORABLE WILLIAM J. MARTINI,
11                      UNITED STATES DISTRICT JUDGE
                        AND A JURY
12

13     A P P E A R A N C E S:

14     OFFICE OF THE UNITED STATES ATTORNEY
       BY:  EMMA SPIRO, ASSISTANT UNITED STATES ATTORNEY
15          MARKO JOSEPH PESCE, ASSISTANT UNITED STATES ATTORNEY
       970 Broad Street
16     Newark, New Jersey 07102

17

18     BUCHAN, PALO & CARDAMONE LLC
       BY: KEVIN ARTHUR BUCHAN, ESQUIRE
19         KERDESHA DESIR, ESQUIRE
       750 Broad Street, Suite 202
20     Shrewsbury, New Jersey  07702
       For the Defendant
21

22     Proceedings recorded by mechanical stenography; transcript
                produced by computer-aided transcription.
23                Sara Killian, Official Court Reporter
                      Sara_Killian@njd.uscourts.gov
24                         (973)776-3885

25
```

1  give the impression to the jury that Ortiz lied about a
2  statement when it's really an error in the detective report.
3              THE COURT: Object if it's appropriate and we'll deal
4  with it. Okay?
5              MR. BUCHAN: Judge, obviously I would take the
6  contrary position on that. Clearly any inconsistencies between
7  the report and the video can absolutely be brought up for
8  purposes of credibility of both the detective and Mr. Ortiz.
9              MS. SPIRO: Your Honor, we'd agree as to the
10 detective, if the detective stake takes the stand. Of course
11 his error in his reports --
12             THE COURT: The report is the report of the
13 detective, his account of the interview. The interview was
14 recorded. So to use the detective's account to impeach this
15 witness who you have his video and transcript of the video, you
16 make the objection, I'll rule at that time. I don't see how
17 you can use that statement of the officer to impeach this
18 witness if you have the video and you have the transcripts of
19 the video. So it would, you know -- nevermind.
20             Make the objection and I'll rule on it at that time.
21             MS. SPIRO: Yes, Your Honor. Just one last issue.
22             MR. PESCE: Your Honor, I believe we have an
23 outstanding motion in limine to --
24             THE COURT: On the conviction of Mr. Ortiz, correct?
25             MR. PESCE: That's correct, Your Honor. I'm not sure

1   if there's a dispute.  I don't know what position defense
2   counsel is taking because they didn't file an opposition brief
3   regarding which of Mr. Ortiz's prior convictions should come in
4   or should not come in.  We've tried to be reasonable.  We
5   conceded that his two most recent felony convictions, you know,
6   can come in, the CDS on school property for which he was
7   sentenced on September 24th, 2012, and the criminal trespass
8   for which he was sentenced on June 29, 2012.
9           We believe that there's one other conviction that
10  falls within the ten-year look back, but we think that that
11  conviction, which is cruelty and neglect of children, is so
12  highly prejudicial that we would ask that Your Honor permit the
13  defense to get in the fact of conviction of a felony and the
14  sentence but not the nature of the offense or any of the
15  underlying facts.
16          THE COURT:  All right.  I'm looking at Page 6 of your
17  motion where you have the chart, right?
18          MR. PESCE:  Yes, Your Honor.
19          THE COURT:  One and two are definitely out, right?
20          MR. PESCE:  Yes, Your Honor.
21          THE COURT:  What's your position, Mr. Buchan, on four
22  and five?  Are you aware of what I'm talking about?
23          MR. BUCHAN:  Yes, Judge, I'm looking at the brief
24  myself.  With respect to four and five, obviously I believe
25  that's fair game and the Government agrees.  With respect to

1  number three, cruelty and neglect of children, I think it's

2  absolutely fair game for a number of reasons.

3          THE COURT:  Fair game?

4          MR. BUCHAN:  Fair game for me to ask him.  They agree

5  that I can ask.  But they're saying that I can't ask, "Isn't it

6  true that you were convicted of cruelty and neglect of

7  children," because they think that's prejudicial, which it's

8  kind of -- it's prejudicial when I'm trying to use it, but it's

9  not prejudicial when they're trying to use it.  We can play

10 that game.

11         At the end of the day, specifically with this case,

12 all Ortiz says throughout his entire proffers, every time he

13 goes in, "I did this all for my kids, I did this all for my

14 kids, I did this all for my kids."  This is a crime that goes

15 directly to cruelty and neglect of children, his own kids.  It

16 shows that he is incredible.  He's saying out one side of his

17 mouth he does everything for his kids.  This is a crime of

18 cruelty and neglect of children.  It's absolutely relevant.

19         THE COURT:  Does anybody have any details of

20 what this -- the general statement "cruelty and neglect of

21 children," I don't know what that exactly means.

22         MR. PESCE:  Your Honor, we have asked Mr. Ortiz about

23 it, and it is our understanding that it related to an incident

24 where he fell asleep while he was -- the child was in his care,

25 and the child wandered outside.  And when the child was brought

1    back to the residence, he disciplined the child.  After he
2    disciplined the child, he was reported and was charged for the
3    discipline.  It --
4            THE COURT:  Was this a state conviction or a
5    municipal court conviction?
6            MR. PESCE:  Your Honor, this was a state conviction.
7            But Your Honor, whether the defendant wanted to
8    obtain money to get his kids back really has no relevance at
9    all to whether he disciplined his kid in 2012 enough to get a
10   cruelty and neglect of children conviction.  This was eight
11   years before the crime.  Your Honor, we've cited multiple cases
12   that talk about how violent crimes, including domestic
13   violence, including cruelty and neglect of children, are
14   exactly the type of highly prejudicial crimes that the Court
15   can in its discretion split the baby and allow questioning
16   about the fact of a conviction for a felony without getting
17   into the details of the nature of the crime.
18           THE COURT:  All right.
19           MR. BUCHAN:  Judge, with respect to details, I mean,
20   all I would be asking is:  "Were you convicted of cruelty and
21   neglect of children?"  I can leave it at that.  I don't need to
22   get into the details about him falling asleep and --
23           THE COURT:  Of course.  Why would you want to if the
24   details aren't so severe?  I mean, you know.  The words
25   "cruelty and neglect of children" could be highly prejudicial,

1  I mean, to the point where unless you get into -- and I don't
2  see any good reason to get into all the details of the
3  conviction, what the facts were and all that.  It did occur at
4  least eight years ago, so no.
5         If you need to just say on September 24th, were you
6  convicted of a felony and sentenced to 18 months confinement,
7  I'll allow it.  Otherwise, it's too prejudicial on the
8  balancing to permit it.
9         The other two you agree on, four and five, criminal
10 trespass and CDS on school property.  So those three, in the
11 manner in which I just stated, would be acceptable to impeach
12 him on.  Okay?
13        MR. PESCE:  Thank you, Your Honor.
14        MR. BUCHAN:  Judge, there is one other issue with
15 respect to Mr. Ortiz.  It's anticipated that -- I believe the
16 Government is anticipating eliciting testimony about the origin
17 or the beginnings of the relationship between Mr. Soto and
18 Mr. Ortiz.  I vehemently oppose any reference whatsoever --
19        THE COURT:  To jail.  I know.
20        MR. BUCHAN:  It's highly prejudicial.
21        THE COURT:  You weren't intending to do that?
22        MS. SPIRO:  No, Your Honor, not unless the defense
23 opens the door to it.  We are not intending to elicit that.
24        THE COURT:  If you start to cross about that they
25 really, and how do you know?  If you open the door on that,