UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MATHEW ELLIS, *et al.*,<br><br>Defendant. | Case No. 2:19-cr-00693 (BRM)<br><br><br>ORDER |

**THIS MATTER** relates to the upcoming trial of Defendant Mathew Ellis ("Defendant") for conspiracy to commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349 (Count 1) (ECF No. 29), specifically Defendant's letter motion seeking the Court rule that neither party be obligated to disclose any expert witness it intends to call at trial in its case-in-chief, pursuant to Fed. R. Crim. P. 16(b)(1)(C) (ECF No. 243).

**IT APPEARING THAT:**

1.    On November 18, 2024, this Court held a Telephone Status Conference and requested Defendant file a letter memorandum on this issue (ECF No. 240), and later issued a Scheduling Order on November 20, 2024 (ECF No. 241).

2.    In his letter, Defendant informs the Court he will not disclose his expert witnesses, pursuant to Fed. R. Crim. P. 16(b)(1)(C) (ECF No. 243). Defendant argues the requirement to disclose expert witnesses in Rule 16(b)(1)(C) is conditional on one of two scenarios: (1) if the defendant requests the United States Government ("Government") disclose information under Rule 16(a)(1)(G), or (2) if the defendant "has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition." (ECF No. 243 at 2 (quoting Fed. R. Crim. P. 16(b)(1)(C)).) Because neither condition applies in Defendant's case, he argues he does not have an obligation to disclose any expert witness he may call in his case-in-chief. (*Id.* at 2–3.)

3. Defendant seeks an order declaring "that neither party be obligated to disclose any expert witness it intends to call at trial in its case-in-chief." (*Id.* at 3.)

4. The Government responds mandating expert witness disclosure is within the Court's inherent discretion to regulate discovery and manage its calendar. (ECF No. 244 at 1–2.) The Government cites several cases to support this general point, and specifically cites three cases where a district court ordered disclosure of expert witnesses. (*Id.* at 2.) The Government also notes one case cited by Defendant, *United States v. Finley,* 2014 WL 3056022 (W.D. Pa. July 3, 2014), relied on a Ninth Circuit case that was expressly overturned in *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008), which upheld a district court's order that the Government produce a fact witness list. (ECF No. 244 at 3.) The Government also lists examples from this District where it contends U.S. District Judges have required parties to litigate expert witnesses before the start of trial and warns Defendant's refusal to disclose risks upending trial and causing needless delay. (*Id.* at 4.)

5. In reply, Defendant argues the Government's cases are distinguishable, including because several deal with expert discovery in the penalty phase of capital prosecution, which involves serious, life-or-death considerations not present here. (ECF No. 250 at 1–2.) Defendant emphasizes the reciprocal and discretionary nature of the Rule 16 disclosure obligations and contends to force disclosure "would be tantamount to court ordered legislation." (*Id.* at 3.)

6. The Court held a telephone conference regarding Defendant's letter on December 17, 2024, and heard further arguments from counsel.

7. This Court finds Rule 16(b)(1)(C) does not mandate disclosure of expert witnesses by a defendant unless the listed conditions are met. The Court also finds much of the Government's authority to be distinguishable, and the examples it cites from other courts in this District of orders to disclose expert witnesses are phrased in conditional language that would appear to conform with the reciprocal structure of Rule 16(b)(1)(C).

8. This Court will exercise its discretion not to oblige either party to disclose expert witnesses at this stage.

Accordingly, for the reasons set forth above and for good cause appearing,

**IT IS** on this 18th day of December 2024,

**ORDERED** that Defendant's motion is **GRANTED**; and it is further

**ORDERED** that neither party is obligated to disclose any expert witness it intends to call at trial in its case-in-chief at this stage.

*s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**