UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Brian R. Martinotti |
| v. | Criminal No. 19-693 |
| MATTHEW S. ELLIS | **SECOND AMENDED SCHEDULING ORDER** |

This matter having come before the Court for a status conference; and the United States being represented by Philip R. Sellinger, United States Attorney for the District of New Jersey (by George L. Brandley and Bernard J. Cooney, Assistant U.S. Attorneys, appearing); and defendant Matthew S. Ellis by Weisberg Kainen Mark PL (by Dennis G. Kainen, Esq., appearing); and discovery being substantially completed as required under this Court's Scheduling Order of October 30, 2019; and the parties having met and conferred and having agreed on a schedule for pre-trial motions and for trial of this matter subject to revision pending the Court resolving certain issues; and the Court having accepted such schedule, and for good cause shown,

It is on this 19th day of Decenber, 2024, ORDERED that:

1. If the Government intends to offer any Rule 404(b) evidence, the Government shall provide notice of this evidence in the form delineated in Fed. R. Evid. 404(b)(2)(A) on or before **December 13, 2024**.

1

2. If the Defendant intends to offer any "reverse Rule 404(b)" evidence, the Defendant shall provide notice of this evidence in the form delineated in Fed. R. Evid. 404(b)(2)(A) on or before **December 13, 2024**.

3. The Government shall provide the Defendant its draft witness list on or before **December 13, 2024**.

4. The Defendant shall provide the Government his draft witness list on or before **December 20, 2024**.

5. The Government shall provide its pre-marked exhibits for its case-in-chief on or before **December 20, 2024**.

   a) The authenticity and chain of custody of the Government's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 5(c).

   b) If the Government discloses the scientific analysis of an exhibit that it proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 5(c).

   c) If the Defendant wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the Defendant shall file, on or before **January 3, 2025**, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody,

and/or scientific analysis of the exhibit is being challenged and a certification that the challenge is being made in good faith.

6. The Defendant shall provide its pre-marked exhibits on or before **December 20, 2024**.

    a) The authenticity and chain of custody of the Defendant's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 6(c).

    b) If the Defendant discloses the scientific analysis of an exhibit that the Defendant proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 6(c).

    c) If the Government wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the Government shall file, on or before **January 3, 2025**, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the exhibit is being challenged and a certification that the challenge is being made in good faith.

7. The parties shall file any *in limine* motions, addressed to the admissibility of evidence, on or before **December 13, 2024**; responses to such motions may be filed on or before **December 27, 2024**; replies, if any, may be

filed on or before **January 13, 2025**; and oral argument on such motions shall be held on **January 27, 2025** at **10:30 A.M**.

8.  The parties shall file any requests to charge addressed to (a) preliminary instructions to the jury, and (b) the elements of the offense at issue, on or before **January 10, 2025**.

9.  The parties shall file all other requests to charge on or before **January 17, 2025**.

10. The Government shall provide all material to be disclosed under *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, on or before **January 17, 2025**, and shall, if it agrees to do so, provide any material to be provided under the Jencks Act, 18 U.S.C. § 3500, on or before the same date.

11. The parties agree to jointly submit to the Court on or before **January 17, 2025**: (1) attorneys and witness list; (2) proposed voir dire questions; and (3) proposed jury instructions.

12. The parties agree to submit to the Court on or before **January 24, 2025** proposed exhibit lists including any objections and responses thereto pursuant to the Court's rules.

13. The Defendant, if he agrees to do so, shall produce all "reverse Jencks" that is required to be disclosed under Federal R. Crim. P. 26.2 on or before **January 31, 2025**.

14. The Court shall hold a final pre-trial conference on

_____.

5

15. Trial shall commence with jury selection on **February 3, 2025**, at _____ a.m.

*s/ Brian R. Martinotti*
Honorable Brian R. Martinotti
United States District Judge